IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lawrence Walsh, Jr., <br><br> Plaintiff <br> v. <br><br> NCO Financial Systems, Inc., <br><br> Defendant | FILED ELECTRONICALLY |

## COMPLAINT

### I. Introduction

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act") which prohibits debt collectors from engaging in abusive, unfair, and deceptive practices.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3. Venue in this district is proper in that Defendant transacts business here and the conduct complained of is alleged to have occurred here.

### III. Parties

4. Plaintiff, Lawrence Walsh, Jr., is a natural person residing at 406 4th Ave., Scranton, PA 18505.

5. Defendant, NCO Financial Systems, Inc., ("the Collector") is a corporation engaged in the business of collecting debts in this state with a place of business located at 507 Prudential Rd., Horsham, PA 19044 and is a "debt collector" as defined by the Act, 15 U.S.C. § 1692a(6).

### IV. Statement of Claim

6. On or before July 25, 2008, the Collector began attempting to collect an alleged account ("the Account") from Plaintiff. The Account is a "debt" as that term is defined by the Act, 15 U.S.C. §1692a(5).

7. The collector regularly uses the telephone and mails to attempt to collect consumer debts alleged to be due another.

8. On July 25, 2008, the Collector caused a telephone call ("*Call One*") to be placed to phone number (570) 344-3657.

9. The aforementioned phone number was assigned to Plaintiff's mother-in-law, Katherine Maushart, at all times relevant to this matter.

10. During *Call One*, an employee of the Collector spoke with Plaintiff's mother-in-law.

11. During *Call One*, after being informed that Plaintiff did not live at that residence, the caller made a statement, substantially as follows: "Have Lawrence call NCO back at 1-877-803-8009."

12. The statement in paragraph 11 was not an attempt to confirm or correct location information for Plaintiff.

13. The statement in paragraph 11 was a communication regarding the debt with a third party.

14. The statement in paragraph 11 violated 15 U.S.C. § 1692c(b).

15. On September 21, 2008, the Collector caused a telephone call ("*Call Two*") to be placed to phone number (570) 346-1277.

16. The aforementioned phone number was assigned to Plaintiff's mother, Julia Maconeghy at all times relevant to this matter.

17. During *Call Two*, an employee of the Collector spoke with Plaintiff's mother.

18. During *Call Two*, after being informed that Plaintiff did not live at that residence, the caller made a statement, substantially as follows: "Get a hold of Lawrence and have him call NCO back at (number)."

19. The statement in paragraph 18 was not an attempt to confirm or correct location information for Plaintiff.

20. The statement in paragraph 18 was a communication regarding the debt with a third party.

21. The statement in paragraph 18 violated 15 U.S.C. § 1692c(b).

22. On September 22, 2008, at approximately 7:30 P.M., the Collector caused a telephone call ("*Call Three*") to be placed to phone number (570) 346-1277.

23. During *Call Three*, an employee of the Collector, whom referred to herself as Rachael, spoke with Plaintiff's mother.

24. Plaintiff's mother informed Rachael that she was calling the wrong number, that Plaintiff did not reside there, that she considered these calls to be harassing, and not to call again, after which Rachael hung up the phone.

25. *Call Three* was not an attempt to confirm or correct location information for Plaintiff.

26. *Call Three* was a communication regarding the debt with a third party.

27. *Call Three* violated 15 U.S.C. § 1692c(b).

28. *Call Three* violated 15 U.S.C. § 1692b(3).

29. On September 23, 2008, the Collector caused a telephone call ("*Call Four*") to be placed to phone number (570) 346-1277.

4

30. During *Call Four*, an employee of the Collector spoke with Plaintiff's mother.

31. *Call Four* was not an attempt to confirm or correct location information for Plaintiff.

32. *Call Four* was a communication regarding the debt with a third party.

33. *Call Four* violated 15 U.S.C. § 1692c(b).

34. *Call Four* violated 15 U.S.C. § 1692b(3).

35. These calls were attempts to collect the Account.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

## V. Demand for Jury Trial

36. Plaintiff demands a trial by jury as to all issues so triable.

        Respectfully Submitted,

        s/ Kenneth W. Pennington
        Kenneth W. Pennington
        Bar Number PA 68353
        Attorney for Plaintiff
        Sabatini Law Firm
        142 N. Washington Ave., Ste 800
        Scranton, PA  18503-2218
        Phone (570) 341-9000
        Facsimile (570) 504-2769
        Email kpecf@bankruptcypa.com

## Verification of Complaint and Certification
## by Plaintiff Lawrence Walsh, Jr.

Plaintiff, Lawrence Walsh, Jr., being duly sworn according to law, deposes as follows:

1.  I am a plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.